UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KENNETH JOHNSON,

       Petitioner,

v.                                              Case No. 14-10976

CATHERINE BAUMAN,

       Respondent.
_____/

**OPINION AND ORDER:
(1) GRANTING PETITIONER'S MOTION TO WITHDRAW
HIS MOTION TO HOLD HIS HABEAS PETITION IN ABEYANCE, (2) DENYING AS
MOOT PETITIONER'S MOTION TO HOLD HIS HABEAS PETITION IN ABEYANCE,
(3) GRANTING PETITIONER'S MOTION FOR EQUITABLE TOLLING**

This is a habeas corpus action under 28 U.S.C. § 2254. Currently pending before the court are Petitioner Kenneth Johnson's motion to hold his habeas petition in abeyance, motion to withdraw his motion to hold his habeas petition in abeyance, and motion for equitable tolling of the statute of limitations. Petitioner's motion to hold his habeas petition in abeyance has become moot. Consequently, the court will deny the motion to hold the habeas petition in abeyance and will grant the motion to withdraw the motion to hold the habeas petition in abeyance. The court will also grant the motion for equitable tolling.

**I. BACKGROUND**

In 2009, Petitioner was convicted in Wayne County, Michigan of armed robbery, carjacking, unauthorized driving away of an automobile (UDAA), felon in possession of a firearm, and possession of a firearm during the commission of a felony (felony

firearm). The trial court sentenced Petitioner to concurrent terms of twelve to twenty-four years in prison for the armed robbery and carjacking convictions and two to five years for the UDAA and felon-in-possession convictions. Petitioner received a consecutive sentence of two years in prison for the felony firearm conviction.

On appeal from his convictions, Petitioner alleged that his trial attorney was ineffective for failing to file a motion to suppress the complainant's identification of him. The Michigan Court of Appeals vacated Petitioner's UDAA conviction and sentence on double jeopardy grounds, but affirmed Petitioner's remaining convictions and sentences. *See People v. Johnson*, No. 292238 (Mich. Ct. App. Oct. 14, 2010) (unpublished). Petitioner subsequently applied for leave to appeal in the Michigan Supreme Court, but on April 25, 2011, the state supreme court denied leave to appeal. *See People v. Johnson*, 796 N.W.2d 249 (Mich. 2011) (table). Petitioner did not seek a petition for the writ of certiorari in the United States Supreme Court, and the deadline for doing so expired on July 24, 2011.

Petitioner alleges that he raised two new claims in a motion for relief from judgment, which he mailed to the state trial court on April 18, 2012. Petitioner further alleges that, in August of 2012, he asked his mother to call the state trial court and to check on the status of his motion. A clerk of the court apparently informed Petitioner's mother that the court had not received Petitioner's motion. When Petitioner wrote to the court clerk and asked what he should do to correct the problem, he was told to re-file his motion.

Petitioner claims that he changed the date on his original motion to October 23, 2012, and handed it to prison officials for mailing on October 25, 2012. On the following

day, prison officials placed his motion in the outgoing mail for delivery to the state trial court. For some unknown reason, court officials docketed Petitioner's motion for relief from judgment on October 22, 2012, four days before Petitioner re-submitted the motion.

On April 5, 2013, the state trial court denied Petitioner's motion, and on October 25, 2013, the Michigan Court of Appeals denied leave to appeal the trial court's decision. *See People v. Johnson*, No. 316798 (Mich. Ct. App. Oct. 25, 2013) (unpublished). Petitioner then applied for leave to appeal in the Michigan Supreme Court.

On February 28, 2014, while Petitioner's application for leave to appeal was still pending in the Michigan Supreme Court, he signed and dated his habeas petition. The petition alleges that: (1) Petitioner's trial attorney was ineffective for failing to attempt to suppress the complainant's identification of Petitioner; (2) the trial court deprived Petitioner of his right to a public trial by excluding the public during jury selection; and (3) appellate counsel was ineffective for failing to raise claim two on direct appeal. On March 6, 2014, the clerk of the court received and filed the petition. Petitioner filed his motion for a stay and his motion for equitable tolling on the same day. On May 27, 2014, the Michigan Supreme Court denied Petitioner's application for leave to appeal the state trial court's order. *See People v. Johnson*, 846 N.W.2d 561 (Mich. 2014) (table).

## II.  DISCUSSION

### A.  The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitation for state prisoners to file a federal habeas corpus petition. *Wall v. Kholi,* 131 S. Ct. 1278, 1283 (2011) (citing 28 U.S.C. § 2244(d)(1)).  Relevant to Petitioner's case, this period began to run when Petitioner's convictions "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  "Direct review" concludes for purposes of subsection 2244(d)(1)(A) when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted.  *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  "Until that time, the 'process of direct review' has not 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the conviction and sentence.'"  *Id.* at 119–20 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)). However, the limitations period is tolled "during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'"  *Wall v. Kholi*, 131 S. Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(2)).

Petitioner's convictions became final on July 24, 2011, ninety days after the Michigan Supreme Court denied leave to appeal on direct review.  The one-year statute of limitations began to run on the following day, *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002), and it expired one year later on July 24, 2012.

Although Petitioner filed a motion for relief from judgment, on April 18, 2012, the motion was not entered on the state court's docket until October 22, 2012.  By then, the

one-year limitations period had expired. The motion did not "revive" the limitation period or "re-start the clock at zero." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Thus, it did not affect the statute of limitations. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002). In other words, the tolling provision of § 2244(d)(2) "can only serve to pause a clock that has not yet fully run." *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). Consequently, once the limitation period expired, Petitioner's post-judgment motion "no longer serve[d] to avoid [the] statute of limitations." *Id.* Petitioner's habeas petition, therefore, is time-barred, absent equitable tolling or a showing of actual innocence.

### B. Equitable Tolling

Petitioner does not claim to be innocent of the crimes for which he is incarcerated. Instead, he seeks equitable tolling of the limitation period.

The habeas statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749–50 (6th Cir. 2011).

As noted above, Petitioner attempted to file his motion for relief from judgment on April 18, 2012, approximately ninety days before the statute of limitations expired, but the motion was not filed on the court docket until October 22, 2012. Exhibits to Petitioner's motion for equitable tolling indicate that Petitioner mailed his motion to the state trial judge and to the prosecutor, rather than to the clerk of the court. This may

5

explain why the motion was not filed immediately. Petitioner speculates that the motion was misplaced for six months and then filed when it was located. The fact that the motion was filed *before* Petitioner re-submitted his motion on October 26, 2012, lends some support for Petitioner's speculation.

It thus appears that some circumstance beyond Petitioner's control prevented him from filing his post-conviction motion in the state trial court before the one-year statute of limitations expired. It further appears that Petitioner has been diligent in pursuing his claims. The court therefore finds that Petitioner is entitled to equitable tolling of the limitations period. The statute of limitations shall be equitably tolled from April 18, 2012, when Petitioner allegedly mailed his motion for relief from judgment to the state court, to October 22, 2012, when the state court docketed the motion. This means that the statute of limitations ran approximately nine months before Petitioner mailed his motion for relief from judgment to the state court. The statute was further tolled during the time that Petitioner's motion for relief from judgment and subsequent appeals were under consideration in state court. 28 U.S.C. § 2244(d)(2). Because that period of time overlapped with the filing of the habeas corpus petition, the habeas petition is deemed timely.

### III. CONCLUSION

IT IS ORDERED that Petitioner's motion for equitable tolling (Dkt. #3) is GRANTED.

IT IS FURTHER ORDERED that Petitioner's motion to withdraw his motion to hold the habeas petition in abeyance (Dkt. #7) is GRANTED, and Petitioner's Motion to hold the habeas petition in abeyance (Dkt. #4) is DENIED as moot.

           s/Robert H. Cleland          
           ROBERT H. CLELAND
           UNITED STATES DISTRICT JUDGE

Dated: July 14, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 14, 2014, by electronic and/or ordinary mail.

           s/Lisa Wagner          
           Case Manager and Deputy Clerk
           (313) 234-5522